**PULU FAMILY of Pago Pago by PULU, Matai, Plaintiff**

**v.**

**MAGEO FAMILY of Pago Pago by MAGEO, Matai, Defendant**

No. 22-1956

High Court of American Samoa

Civil Jurisdiction, Trial Division

November 16, 1956

———

OPINION AND ORDER OF DISMISSAL

Heard at Fagatogo on November 8, 1956 before MORROW, *Chief Judge* and APE and MALEPEAI, *Associate Judges.*

Pule, counsel for the Pulu Family.

Mageo, counsel for the Mageo Family.

OPINION OF THE COURT

MORROW, *Chief Judge.*

The Pulu Family of Pago Pago filed its petition seeking an order requiring the Mageo Family of Pago Pago to remove a house recently erected by the defendant family on land claimed by the plaintiff family to be its property.

270

Prior to the hearing the Court viewed the land involved in the presence of Pulu and Mageo and a number of family members of both families. The land lies in Pago Pago Valley. At the viewing and later at the hearing it appeared that only the lower $^3/_4$ of the building, the removal of which is sought, stands on the land claimed by the plaintiff to be its property while the upper $^1/_4$ is on land claimed by the plaintiff to be the property of the Taito Family, although such last-mentioned land is actually occupied by the defendant Mageo Family.

Pulu and Sese, a Pulu Family member, testified for the plaintiff while Mageo and Fesagaiga, a Pago Pago chief, testified for the defendant.

In order to entitle the plaintiff to the mandatory order it is seeking, it must establish by a preponderance of the evidence that the house involved is standing on Pulu Family land. Weighing the evidence very carefully, neither of the Samoan judges nor the writer of this opinion believe that the plaintiff has sustained the burden of proof.

The witnesses for the plaintiff testified that the land involved was Pulu land and the witnesses for the defendant testified that it was Mageo land. In our opinion the witnesses on both sides thought they were telling the truth and we think all of the witnesses were equally worthy of belief. The testimony of the witnesses was for the most part based upon family tradition, tradition handed down by former members of the family involved. Some of the testimony raised a question in our minds as to whether the land involved may not be the property of a third Pago Pago family.

We hold that the plaintiff Pulu Family has not sustained the burden of proof. In view of this fact we must dismiss this petition.

It should be understood that we are not making a decision to the effect that the lower $^3/_4$ of the building

stands on Mageo land; neither are we making a decision that it stands on Pulu land. We simply hold that the plaintiff has not proved its case by a preponderance of the evidence and for that reason its petition must be dismissed.

The Samoan judges desire the writer of this opinion to say that they think that one of the parties should get the land involved surveyed and offer it for registration. Then the other party could object to the proposed registration as well as third parties who may claim the land. Following this procedure the true ownership of the land could be determined by the Court. And the Samoan judges further think that the defendant family should not make any new additions to the building until the ownership of the land can be determined by this procedure.

### ORDER

The petition of plaintiff is hereby dismissed for the reason stated in the preceding opinion.

Costs in the sum of $12.50 are hereby assessed against Pulu and Mageo, each to pay $6.25. Payment of costs is to be made within 30 days.